RICHARD W. WINIP *v.* JOHN H. PAYNE ET AL.

**Guardian and Ward—Purchase of Property by Guardian—Trusts.**

The purchaser of property by a guardian, in which his wards claim an interest, is held to enure to the benefit of said wards, though the deeds be taken in the name of the guardian individually.

APPEAL FROM MEADE CIRCUIT COURT.

December 8, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Winip brought his suit in equity in the Meade circuit court in March, 1864, asserting title to one-fourth of a tract of about two hundred acres of land, situate in said county, under a conveyance from Thomas I. Payne, and seeking an order of injunction against the execution of a writ of possession obtained in an ex parte proceeding in the same court in the name of Payne, guardian, &c.

He claimed that said Payne had conveyed to him a deed bearing date March 15th, 1864, and that said deed was made in pursuance to a bond for title executed some two years prior to that date. Pending this action appellees brought their suit in equity in said court against Winip asserting title to the entire tract. Alleging that he was in possession of the same without right, and seeking to restrain Winip, and upon final hearing for all proper relief. Winip in his answer to this petition claims to have bought from appellees whilst they were minors and after he had been their statutory guardian, and that he also owned a portion of the land under a purchase made many years before from the Wintersmith heirs. The two suits were consolidated, and upon the trial Winip's

petition was dismissed as to appellees, and a judgment rendered in their favor for the premium of the entire tract, and the case referred to a commissioner to take proof as to rents, and the enhancement of the value of the lands, by reason of any valuable and lasting improvements that may have been put upon it by Winip, and from this judgment he has appealed. We think the evidence fully sustains the conclusion that Thomas I. Payne sold to Peter K. and Charles C. Payne long before he had any transaction whatever with Winip, that he executed to them his bond for title to his interest in the land, and that this bond passed into the hands of Winip, when he became the statutory guardian of P. K. and C. C. Payne. This fact of itself was enough to make it impossible for Winip to buy from Thomas I. Payne two years before the date of his deed on the 15th of March, 1864, without an outrageous breach of his duty as guardian, such a breach of trust as would render his purchase void as to the appellees. The evidence does not sustain his assertion that he had purchased from Payne and held his title bond, prior to the time of his appointment as guardian. The receipt exhibited by him was evidently for a payment made by him as guardian on the purchase made by his wards. One of their notes to Thomas I. Payne was for the exact amount of said receipt, and the payment was made whilst Winip was acting as their guardian, and the receipt is too indefinite upon its face to establish the fact that it was for money paid by appellant on a purchase of his own.

Even if it be admitted that the certificate of the clerk to the deed from Thomas I. Payne to the appellees could be impeached in a proceeding to which said clerk is not a party, we regard the evidence upon that point, when carefully analyzed as sustaining the verity of said certificates rather than contradicting it. It is true there is proof tending to establish the fact that said Payne was at Mt. Sterling during the entire day upon which the deed purports to have been acknowledged at Paris, but the witnesses contradict each other, some stating that Payne, who was a soldier, was in arrest, and others that he was on duty during the whole of that day. Nor do they or any of them detail circumstances of such a character as would likely impress upon their minds the exact whereabouts of Payne upon the particular day upon which the deed purports to have been acknowledged. Upon the other hand, Payne himself, and a witness who is unimpeached, swears to the

affirmative fact that from their own knowledge the deed and certificate bear their correct date. Winip's claim to any portion of the land under the Wintersmith purchase is not satisfactorily established by the evidence. We are inclined to the opinion that Patterson's deposition should have been excluded, but the judgment of the court is fully sustained by other evidence about the competency of which there can be no doubt.

The regularity of the proceedings in the ex parte suit, for the sale of the lands of the appellees had, whilst they were infants, need not now be passed upon by this court, as the judgment in this case must be the same however irregular they may have been. The relief granted to the appellees by the judgment appealed from is neither unauthorized nor extraordinary and as the same is warranted by the evidence said judgment is *affirmed*.

*Walker, Fairleigh,* for appellant.

*Lewis & Kincheloe,* for appellee.